## Saul v. Saul et al. (No. 2)

*John Patrick Walsh*, for plaintiff.
*James Conwell Welsh*, for defendants.

REIMEL, J., November 17, 1954.—This matter comes before the court on plaintiff's motions to strike

off new matter in the answers filed by defendants to the amended complaint in equity. The new matter is that "Plaintiff has at various times, with various persons, at Philadelphia, Pennsylvania, and Brigantine, New Jersey, and other places, from approximately the autumn of 1945, until as recently as September 13, 1953, while yet the wife of defendant, Richard F. Saul, committed adultery".

This is an action in equity for an injunction and incidental relief on the ground that defendant, husband of plaintiff, and his father and stepmother have conspired to perpetrate certain frauds whereby plaintiff will be deprived of the security for the support order for herself and two children, as well as, of her prospective dower rights. The other parties in the action are nominal; they are not accused of any wrongdoing.

A preliminary injunction to restrain the sale of one of the properties involved in the action has been granted and is still in force.

The support order was entered by Municipal Court of Philadelphia against defendant, Richard F. Saul, on December 20, 1951. The original order then entered, although reduced, has since been reinstated by the Superior Court of Pennsylvania. The new matter alleged by defendants, which is identical in each case, cannot defeat this action to enjoin the transfer, encumbrance or dissipation by defendants of Richard F. Saul's property. Moreover, the adultery by wife plaintiff cannot defeat her dower right when she has not deserted her husband: 17 Am. Jur. 740, §86. The record of the order for support entered by the municipal court negates desertion on her part as the proceeding under the Act of June 24, 1939, P. L. 72, sec. 733, 18 PS §4733, is an action for desertion and nonsupport. See Crater Estate, 372 Pa. 458, 461.

The new matter alleged in each answer is irrelevant and immaterial and is scandalous and impertinent.

### Order

And now, to wit, November 17, 1954, plaintiff's motions to strike off new matter in each of the answers filed are granted.

And it appearing that the new matter averred in each of the answers of defendants filed of record is scandalous and impertinent it is ordered that the new matter filed by each of defendants shall be stricken from the record.